B 203
(12/94)

## UNITED STATES BANKRUPTCY COURT
### District of Idaho

In re:      **Randall L Tetzner**                        **Diane L Tetzner**                        Case No.

Debtors                                    Chapter    **13**

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | | |
|---|---|---|
| For legal services, I have agreed to accept | $ | **3,000.00** |
| Prior to the filing of this statement I have received | $ | **76.00** |
| Balance Due | $ | **2,924.00** |

2. The source of compensation paid to me was:

☒ Debtor                    ☐ Other (specify)

3. The source of compensation to be paid to me is:

☒ Debtor                    ☐ Other (specify)

4. ☒  I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

☐  I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

a)  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

b)  Preparation and filing of any petition, schedules, statement of affairs, and plan which may be required;

c)  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

d)  Representation of the debtor in adversary proceedings and other contested bankruptcy matters;

e)  [Other provisions as needed]

   **Model Retention Agreement provisions apply.**

6.  By agreement with the debtor(s) the above disclosed fee does not include the following services:

   **None**

---

### CERTIFICATION

   I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated:  **9/15/2011**

                              **s/Michael B. McFarland**
                              **Michael B. McFarland, Bar No.  2224**

                              **Michael B. McFarland, P.A.**
                              Attorney for Debtor(s)

Rights and responsibilities agreement between
Chapter 13 Debtors and their Attorneys


United States Bankruptcy Court
District of Idaho


Chapter 13 gives debtors important rights, such as the right to keep property that could otherwise be lost through repossession or foreclosure – but Chapter 13 also puts burdens on debtors, such as the burden of making complete and truthful disclosures of their financial situation. It is important for debtors who file a Chapter 13 bankruptcy case to understand their rights and responsibilities in bankruptcy. In this connection, the advice of an attorney is crucial. Debtors are entitled to expect certain services will be performed by their attorneys, but debtors also have responsibilities to their attorneys. In order to assure that debtors and their attorneys understand their rights and responsibilities in the Chapter 13 process, the Bankruptcy Court for the District of Idaho has approved the following agreement, setting out the rights and responsibilities of both debtors in Chapter 13 and their attorneys. By signing this agreement, debtors and their attorney accept these responsibilities.


## I. BEFORE THE CASE IS FILED

### A. THE DEBTOR AGREES TO:

1. Discuss with the attorney the debtor's objectives in filing the case.

2. Provide the attorney with full, accurate and timely information, financial and otherwise, including properly documented proof of income.

### B. THE ATTORNEY AGREES TO:

1. Personally counsel the debtor regarding the advisability of filing either a Chapter 13 or a Chapter 7 case, discuss both procedures (as well as non-bankruptcy options) with the debtor, and answer the debtor's questions.

2. Personally explain to the debtor that the attorney is being engaged to represent the debtor on all matters arising in this case, as required by Local Bankruptcy Rule and explain how and when the attorney's fees and the trustee's fees are determined and paid.

3. Review with the debtor and sign the completed petition, plan, statements, and schedules, as well as all amendments thereto, whether filed with the petition or later.

4. Timely prepare and file the debtor's petition, plan, statements, and schedules.

5. Explain to the debtor how, when, and where to make all necessary payments, including both payments that must be made directly to creditors and payments that must be made to the Chapter 13 trustee, with particular attention to housing and vehicle payments.

6. Advise the debtor of the need to maintain appropriate insurance.

## II. AFTER THE CASE IS FILED

### A. THE DEBTOR AGREES TO:

1. Make the required payments to the trustee and to whatever creditors are being paid directly, or, if require payments cannot be made, to notify the attorney immediately.

2. Appear at the meeting of creditors (also called the "§ 341(a) meeting") with recent proof of income, picture identification, and proof of the debtor's social security number, and any other required information.

3. Notify the attorney and the trustee of any change in the debtor's address or telephone number.

4. Inform the attorney of any wage garnishment, levies, liens or repossessions of or on assets that occur or continue after the filing of the case.

5. Contact the attorney immediately if the debtor loses employment, has a significant change in income, or experiences any other significant change in financial situation (such as serious illness, lottery winnings, or an inheritance.)

6. Notify the attorney if the debtor is sued or wishes to file a lawsuit (including divorce.)

7. Provide the attorney and the trustee with copies of income tax returns, and provide the trustee with any refunds received, as required by the Court's Income Tax Order. Inform the attorney if any tax refunds to which the debtor is entitled are seized or not received when due from the IRS, the State of Idaho, or other entities.

8. Contact the attorney before buying, refinancing or selling any property, real or personal, and before entering into any loan agreement.

9. Cooperate with the attorney and the trustee in regard to questions about the allowance or disallowance of claims.

### B. THE ATTORNEY AGREES TO:

1. Advise the debtor of the requirement to attend the meeting of creditors, and notify the debtor of the date, time, and place of that meeting.

2. Inform the debtor that the debtor must be punctual and, in the case of a joint filing, that both spouses must appear at the same meeting.

3. Provide knowledgeable legal representation for the debtor at the § 341(a) meeting of creditors and at any motion hearing, plan confirmation hearing, and/or plan modification hearing.

4. If the attorney finds it necessary for another attorney to appear and attend the § 341(a) meeting or any court hearing, personally explain to the debtor, in advance, the role and identity of the other attorney and provide the other attorney with the file in sufficient time to review it and properly represent the debtor.

5. Ensure timely submission to the trustee of properly documented proof of income for the debtor, including business reports for self-employed debtors.

6. Timely respond to objections to plan confirmation and, where necessary, prepare, file, and serve an amended plan.

7. Timely prepare, file, and serve any necessary amended statements and schedules and any change of address, in accordance with information provided by the debtor.

8. Be available to respond to the debtor's questions throughout the term of the plan.

9. Prepare, file, and serve timely modifications to the plan after confirmation, when necessary, including modifications to suspend, lower, or increase plan payments.

10. Prepare, file, and serve necessary motions to buy or sell property and to incur debt.

11. Evaluate claims which are filed and, where appropriate, object to filed claims.

12. Timely respond to the trustee's motion to dismiss the case, such as for payment default, or unfeasibility, and to motions to increase the payments into the plan.

13. Timely respond to motions for relief from stay.

Local Bankruptcy Rules 1.1.2006                                    2

14.      Prepare, file, and serve all appropriate motions to avoid liens, if not included in the plan.

15.      Provide any other legal services necessary for the administration of this case before the bankruptcy court.

## ALLOWANCE AND PAYMENT OF ATTORNEYS' FEES

Any attorney retained to represent a debtor in a Chapter 13 case is responsible for representing the debtor on all matters arising in the case, unless otherwise ordered by the court. For such services, as set forth above, the attorney will be paid a fixed fee of $**3,000.00**(exclusive of court filing fees).

In extraordinary circumstances, the attorney may apply to the court for additional compensation. Any such application must be accompanied by an affidavit of the attorney, and include an itemization of the services rendered, showing the date, the time expended, the identity of the attorney or other person performing the services, the rate(s) charged, and the total amount sought. Such an application must be set for a hearing before the court. The debtor must be served with a copy of the application, affidavit, and notice of hearing, and advised of the right to appear in court to comment on or object to such application. The debtor is hereby informed that, in the event of such a request, fees shall be calculated or claimed at the following rate(s):

_____

The attorney may receive some portion of the described fixed fee before the filing of the case. The attorney may not receive payment on the fee directly from the debtor after the filing of the case, but must receive any remaining portion of such fee through the plan. In addition to other disclosures required by the Rules, the attorney shall disclose, in any application for additional fees, any and all fees previously paid by the debtor.

If the debtor disputes the sufficiency or quality of the legal services provided or the amount of the fees charged by the attorney, including this fixed fee, the debtor may file an objection with the court and request a hearing.

If the attorney believes that the debtor is not complying with the debtor's responsibilities under this agreement or is otherwise not engaging in proper conduct, the attorney may apply for an order allowing the attorney to withdraw from the case.

The debtor may discharge the attorney at any time.

**s/ Randall L Tetzner**
_____          Date:      **9/15/2011**          _____
**Randall L Tetzner**
Debtor

**s/ Diane L Tetzner**
_____          Date:      **9/15/2011**          _____
**Diane L Tetzner**
Joint Debtor (if applicable)

**s/Michael B. McFarland**
_____          Date:      **9/15/2011**          _____
**Michael B. McFarland**
Attorney for Debtor(s)