UNITED STATES BANKRUPTCY COURT
DISTRICT OF IDAHO

In Re: Randall L. Tetzner
       and Diane L. Tetzner

Case No.

Debtors

---

CHAPTER 13 PLAN AND RELATED MOTIONS     (Docket _____)

---

*This plan is proposed by the debtors. It contains provisions that may significantly affect your rights. It contains matters, which if not objected to, may be accepted by the court as true. Creditors cannot vote on this plan. A creditor who wishes to oppose the plan and related motions may do so by timely filing a written objection. Any objection must be in writing, and must be filed with the court and served upon the debtors, debtors' attorney, and the Chapter 13 trustee as follows (check one):*

**X**      This Chapter 13 Plan was filed with the petition. Any objection must be filed and served by the time set for the 11 U.S.C. sec. 341(a) meeting, not later than seven (7) days thereafter, or as otherwise allowed by law. Absent any such objection, the court may confirm this plan, accept the valuations and allegations herein, and grant the motions without further notice or hearing.

❐      This Chapter 13 Plan was not filed with the petition. Any objection must be filed and served no later than seven (7) days prior to the time set for the confirmation hearing, or as otherwise allowed by law.

❐      This is an amended plan subject to notice, hearing, and objections under Local Bankruptcy Rule 2002.5(c).

*If a creditor files a timely written objection, that creditor must also appear at the hearing on confirmation of the plan to assert the objection or the objection may be denied without further notice or hearing. The provisions of the confirmed plan will bind the debtors and each creditor.*

**NOTICE**: **The undersigned certifies that regardless of any variant formatting:** **(Check One)**

❐      This Chapter 13 Plan and Related Motions contains all the standard language as approved by the U.S. Bankruptcy Court, District of Idaho. Except fill-in-the-blank sections, designated check boxes, or claim treatment within any table, there are no modifications to the court-approved language.

Chapter 13 Plan  Rev. 11/01/10 - 1

<u>X</u>      This Chapter 13 Plan and Related Motions contains language that is different from the standard plan as approved by the U.S. Bankruptcy Court, District of Idaho. An asterisk immediately preceding the section number designates a modified plan section. No asterisk is provided for any fill-in-the-blank sections, designated check boxes, or claim treatment within any table.

**DISCHARGE:** (Check One)

❒      The debtor is not eligible for a discharge of debts because the debtor has previously received a discharge described in 11 U.S.C. sec. 1328(f).

<u>X</u>      The debtors will seek a discharge of debts pursuant to 11 U.S.C. sec. 1328(a).

1.     **PAYMENTS TO TRUSTEE.**

Such portion of the projected future earnings and income of the debtors as is necessary for the execution of the plan is submitted to the supervision and control of the Chapter 13 trustee for the duration of this plan, to wit:

1.1     **PERIODIC PLAN  PAYMENTS**.  In addition to the payments provided under Sections 4.1, 6.1, 6.3, 6.4, and 8, debtors will pay to the trustee for a term, not exceeding 36 months the sum of $210 monthly.  The debtors shall commence making payments proposed by the plan to the trustee no later than thirty (30) days after the date the bankruptcy petition is filed.

*1.2    **INCOME TAX REFUNDS**.  (Check One)

❒      Debtors project no income tax refunds during the term of this plan.  As a result,  no income tax refunds will be turned over to the trustee; OR

*<u>X</u>    Debtors project income tax refunds during the term of this plan.  During the applicable commitment period of the plan, as defined in 11 U.S.C. sec. 1325(b)(4), the debtors will turn over to the trustee all net income tax refunds, *except the first $4,000 of earned income credit and the first $3000 of additional child tax credit each year.*  At any time during the term of the plan, debtors shall be entitled to use a tax refund to pay taxes due any other taxing authority; however, the debtors shall remit any net income tax refund balance *in excess of seven-thousand dollars ($7,000) combined tax credits* to the trustee.  Upon the trustee's stipulation with the debtors and an order of the court, the debtors may retain, in whole or in part, certain net income tax refunds during the term of the plan to facilitate the terms of this plan or to meet other reasonable and necessary needs of the debtors.

1.3     **EARLY PAYOFF**.  Debtors may not pay off this plan in less than the applicable commitment period without notice to interested parties and an opportunity for hearing before the court.

1.4     **WAGE DEDUCTION ORDER**. Debtors acknowledge that if the debtors are ever more than thirty (30) days delinquent on any payment due under Section 1.1 of this plan, upon request of the trustee, a wage deduction order to debtor's employer may immediately be issued.

1.5.     **DEFERRAL OF PAYMENTS FOR CAUSE**. The trustee, for cause, may defer not more than two monthly payments per calendar year without further notice to parties or hearing before the court.

2.     **POST-CONFIRMATION RECOVERY OF PROPERTY**.

Debtors elect as follows: **(Check One)**

**X**     The trustee shall retain the right, post confirmation, to recover moneys, to recover property and to avoid liens pursuant to 11 U.S.C. sec. 541, *et seq*. Any such recovery or avoidance shall, when liquidated, be disbursed to creditors as additional disposable income, in accordance with 11 U.S.C. sec. 1325 (b); OR

❒     The debtor has calculated the right to recover moneys, to recover property and to avoid liens pursuant to 11 U.S.C. sec. 541, *et seq* in the plan payment. As a result, the trustee shall not retain such further rights post confirmation.

3.     **PROVISIONS FOR ADMINISTRATIVE AND PRIORITY CLAIMS.**

From the payments received, the trustee shall make disbursements of allowed claims entitled to administrative and priority status under 11 U.S.C. sec. 503 and 507 respectively, in deferred cash payments as follows.

3.1     **Domestic Support Obligations** (check all applicable boxes)

**X**     3.1.1     No Domestic Support Obligations are owed.

❒     3.1.2     The debtor(s) is current on domestic support obligation(s) and will continue to make post-petition payments pursuant to the support order.

❒     3.1.3     Allowed unsecured claims for Domestic Support Obligations allowed under 11 U.S.C. sec. 507(a)(1)(A) in equal monthly installments over the term of the plan.

❒     3.1.4     Allowed unsecured claims for Domestic Support Obligations allowed under 11 U.S.C. sec. 507(a)(1)(B) in equal monthly installments over the term of the plan. Total of payments if less than 100%: $_____

3.2     **Trustee**. Fees to the trustee as provided by 28 U.S.C. sec. 586.

3.3     **Attorney**. (check one)

Chapter 13 Plan  Rev. 11/01/10 - 3

<u>X</u>   Debtors' attorney has elected to charge a fixed fee pursuant to the Model Retention Agreement, Local Rule 2016.1, of $ 3,000 (not to exceed $3,000), exclusive of costs.  Said attorney has received $ 76 prior to the filing hereof and is to be paid the remaining amount in monthly payments over the initial 16 months of distribution.

❒   Fees and costs to the debtor's attorney in an amount to be proven and allowed by the court but not to exceed $ _____ , payable in equal monthly installments over the initial ____ months of distribution.  This is in addition to the fee retainer paid pre-petition ($ _____) and any sums allowed in any previous orders(s).

3.4   **Taxes**.  Unless the holder of the claim agrees otherwise, upon confirmation of the plan and the filing of an allowed claim, any allowed unsecured priority claims of governmental units shall be paid: **(Check One)**

❒   During the initial _____ months of the plan; OR

<u>X</u>   In equal monthly installments over the term of the plan.

4.   <u>**PROVISIONS FOR CREDITORS HOLDING CERTAIN PURCHASE MONEY SECURED CLAIMS.**</u>

The claim of each of the following secured creditors who have a purchase money interest securing a debt either 1) in a motor vehicle acquired for the debtor's personal use within 910 days prior to the filing of the bankruptcy petition; or 2) in any other thing of value that was incurred during one year prior to the date the bankruptcy petition was filed shall be paid as follows:

4.1   **Certain Purchase Money Secured Claims Not in Default.**  To those creditors who have Certain PMSI Claims whose rights are not being modified, the allowed secured claim of each shall be paid directly by debtors according to the terms of the outstanding agreements with each creditor as follows:

| CREDITOR | COLLATERAL DESCRIPTION | DATE OF CONTRACT | AMOUNT OF CLAIM | MONTHLY PAYMENT |
|---|---|---|---|---|
| None | | | | |

4.2   **Modification of Rights (Other than Value) of Holders of Certain Purchase Money Secured Claims.**  To each of the following named creditors holding Certain PMSI Claims, the allowed secured claim of each shall be paid as follows:

The allowed secured claim shall be amortized at the rate of interest (simple interest, direct reducing) in equal monthly installments over the term of the plan.

Secured creditors' rights and claims will be modified in accordance with the terms provided herein and payments will be made to the creditor by the trustee.

Chapter 13 Plan  Rev. 11/01/10 - 4

The debtors hereby MOVE the court for an order so fixing the treatment and/or the amount of the secured claim as follows:

| CREDITOR | COLLATERAL DESCRIPTION | CONTRACT DATE | AMOUNT OF CLAIM | RATE OF INTEREST | PROJECTED MONTHLY PAYMENT | PROJECTED TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| None | | | | | | |

If a secured creditor objects to this provision, debtors will ask the court, at the hearing on confirmation, to confirm the plan over the creditor's objection.

4.3   **Surrender of Collateral Subject to Certain Purchase Money Secured Claims**
The debtors shall surrender debtors' interest in the collateral securing the PMSI claims of the following creditors.  Unless the automatic stay has already been terminated by court order or applicable law, upon the entry of the order confirming this plan, the automatic stay imposed by 11 U.S.C. sec. 362(a) as against the creditors and collateral set forth below, shall be terminated pursuant to 11 U.S.C. sec. 362(d).

| CREDITOR | COLLATERAL TO BE SURRENDERED |
|---|---|
| None | |

5.   **MODIFICATION OF RIGHTS OF HOLDERS OF OTHER SECURED CLAIMS. (INCLUDING PREPETITION SECURED TAX CLAIMS)**

To each of the following named creditors, the full value of the allowed secured claim held shall be paid by the trustee.

5.1   **Modification of Rights**  Each creditor holding an allowed secured claim shall retain its lien on the collateral securing that claim until the earlier of 1) the payment of the underlying debt determined under nonbankruptcy law; or 2) discharge under 11 U.S.C. sec. 1328.  If the case is dismissed or converted without completion of the plan, such lien shall be retained by the secured creditor to the extent recognized by applicable non bankruptcy law.

The allowed secured claim shall be amortized at the rate of interest (simple interest, direct reducing), in equal monthly installments over the term of the plan.

Any portion of the debt owed to a creditor in excess of the allowed secured claim will be treated in this plan as an unsecured claim.  Subject to the terms of the order of confirmation of the plan, unless otherwise ordered by the court, payments shall commence from the trustee upon filing of an allowable claim.

The projected total payments constitute the debtors' best estimate of the total of all payments made to the secured creditor on the secured portion of such creditor's claims.  At the discretion of the trustee, allowed secured claims of $500 or less may have payment accelerated.

Secured creditors' rights and claims will be modified in accordance with the terms provided for herein by debtors. Except as provided by 11 U.S.C. sec. 1325(a)(5)(B)(i)(II), an order setting the secured portion of a claim, at less than the total amount of the entire claim, voids the creditor's lien to the extent of the unsecured portion of the claim.

The debtors hereby MOVE the court for an order so fixing the amount of the allowed secured claim as follows:

| CREDITOR | COLLATERAL DESCRIPTION | ALLOWED SECURED CLAIM | RATE OF INTEREST | PROJECTED MONTHLY PAYMENT | PROJECTED TOTAL PAYMENTS |
|---|---|---|---|---|---|
| Bank of America | 2003 Ford Escape | $1,000 | 7.5% | $31.11 | $1.119.96 |

If a secured creditor objects to this provision, debtors will ask the court, at the hearing on confirmation, to confirm the plan over the creditor's objection, pursuant to 11 U.S.C. sec. 1325(a)(5)(B).

*5.2   **Curing of Default of Long Term Secured Claims.**  To each of the below-named creditors, the debtors do not propose to pay, in full, its allowed secured claim during the term of this plan.  Each creditor shall retain its lien on the collateral securing the claim until the allowed secured claim is paid in full.

The debtors will continue the regular monthly contract payments directly to the creditor pursuant to the contract terms.  Each post-petition payment shall be paid by debtors as it comes due.  The initial post-petition payment shall commence on the first full month following the filing of this bankruptcy by debtors.

The default payments under this plan, shall be applied by creditor to the earliest payment for which a portion of the payment is due.  Default payments shall commence upon filing of an allowable claim and subject to the terms of the order of confirmation of the plan.  Unless otherwise provided, ***and following the payments to debtors' attorney, as set forth in Section 3.3***, payments shall be in equal monthly amounts, during the term of the plan.  The total in default provided hereinafter represents the debtors' assertion of the amount of the default as of the day the bankruptcy was filed.  In the event that the creditor's allowed claim provides otherwise, the allowed claim shall control.  ***The creditor shall not be entitled to receive interest on the default portion of its claim, but will continue to receive interest on its primary claim.***  Such interest rate shall be the non-default contract rate of interest provided in the contract between each creditor and debtors.

| CREDITOR | COLLATERAL DESCRIPTION | PROJECTED DEFAULT | RATE OF INTEREST |
|---|---|---|---|
| Wells Fargo Home Mortgage | Debtors' residence | $2,700 | 0% |

6.      **DISBURSEMENTS DIRECTLY BY DEBTORS**.

Debtors shall make the following disbursements directly to creditors and shall treat the following claims and obligations as indicated:

6.1     **Secured Claims Not in Default.**  To secured creditors, whose rights are not being modified, that are not those Certain Purchase Money Secured Creditors set forth in Section 4 above, the secured claim of each shall be paid directly by debtors according to the terms of the outstanding agreements with each creditor.  The debtors will pay these creditors directly as follows:

| CREDITOR | COLLATERAL DESCRIPTION | ESTIMATED BALANCE OWING | AMOUNT OF PAYMENT MADE DIRECTLY BY DEBTORS |
|---|---|---|---|
| None | | | |

6.2     **Surrender of Collateral by Debtors.**  The debtors shall surrender debtors' interest in the collateral securing the claims of the following creditor.  Unless the automatic stay has already been terminated by court order or applicable law, upon the entry of the order confirming this plan, the automatic stay imposed by 11 U.S.C. sec. 362(a) as against the creditors and collateral set forth below, shall be terminated pursuant to 11 U.S.C. sec. 362(d).

| CREDITOR | COLLATERAL TO BE SURRENDERED |
|---|---|
| None | |

6.3     **Payments to Lessors of Personal Property**.  No later than thirty (30) days after the date the bankruptcy petition is filed, the debtors shall commence making payments scheduled in a lease of personal property directly to the lessor for that portion of the obligation that comes due after the filing of the bankruptcy petition. The debtors shall provide the trustee evidence of such payment, including the amount and date of payment.

| LESSOR | PERSONAL PROPERTY DESCRIPTION | LEASE PAYMENT |
|---|---|---|
| None | | |

Chapter 13 Plan  Rev. 11/01/10 - 7

6.4 **Pre-Confirmation Payments to Purchase Money Secured Creditors of Personal Property.** No later than thirty (30) days after the date the bankruptcy petition is filed, the debtors shall commence making payments on allowed claims of purchase money secured creditors of personal property in an amount sufficient to provide adequate protection, directly to the creditor until confirmation. The payments made under this subsection shall reduce the amount owed under the plan. The debtors shall provide the trustee evidence of such payment, including the amount and date of payment.

| CREDITOR | COLLATERAL DESCRIPTION | ADEQUATE PROTECTION PAYMENT |
|---|---|---|
| None | | |

6.5 **Post Petition Tax Obligations** (check all that apply)

**X** Real property taxes are being paid through escrow by debtors' mortgage holder.

❒ Real property taxes are being paid by the debtors.

❒ Personal property taxes are being paid by debtors.

6.6 **Post Petition Domestic Support Obligations.** Debtors will continue to make Domestic Support Obligation payments pursuant to the support order as indicated in Section 3.1.2 of the plan.

7. **PROVISIONS FOR UNSECURED CLAIMS.**

7.1 **Classification of Unsecured Claims.** Unless otherwise provided, the following unsecured claims will receive from the trustee the indicated dollar amounts, in equal monthly installments during the term hereof, on their allowed claim. Payments shall commence upon confirmation of this plan and filing of an allowed claim.

| CREDITOR | AMOUNT TO BE PAID |
|---|---|
| CLASS "A" Co-signed claims owing to: **None** | To be paid in full. (Debtor estimates this claim to be $ _____.) |
| CLASS " B" - Other claims owing to: **None** | |

7.2 **General Unsecured Claims.** Upon confirmation, and at times consistent with the other provisions of this plan, the trustee will, from funds available after payment of

Chapter 13 Plan  Rev. 11/01/10 - 8

priority and secured claims, pay pro-rata dividends to all creditors who have filed timely allowed unsecured claims.

8.       <u>**ASSUMPTION OR REJECTION OF UNEXPIRED LEASES AND/OR EXECUTORY CONTRACTS**</u>.

The debtors hereby MOVE for the approval of the assumption or rejection (as applicable) of the following unexpired leases and/or executory contracts in accordance with 11 U.S.C. sec. 365. For those lease(s) and/or contract(s) assumed below, the debtors assert the total in default is as indicated and that the default shall be cured as set forth below, pursuant to 11 U.S.C. sec. 365(b).

Payments on any assumed lease(s) and/or contract(s) due after the filing of the bankruptcy petition shall be made directly by the debtors as set forth below, and not through the trustee. Payments curing defaults on any such assumed lease(s) and/or contract(s) shall be paid through the trustee. In regard to any lease(s) and/or contract(s) rejected by the debtors, unless the automatic stay has already been terminated by court order or applicable law, upon the entry of the order confirming this plan, the automatic stay shall be terminated as against the lease(s) and/or contract(s) rejected and the creditors and property involved.

| CREDITOR | COLLATERAL DESCRIPTION | REJECT OR ASSUME | TOTAL IN DEFAULT | DEFAULT PAYMENT PAID BY TRUSTEE | PAYMENT MADE DIRECTLY BY DEBTORS |
|---|---|---|---|---|---|
| None | | | | | |

9.       <u>**LIEN AVOIDANCE**</u> **(Check One)**

    **X**       No motion to avoid judicial liens under 11 U.S.C. sec. 522(f)(1)(A), or to avoid non-possessory, non-purchase money security interests under 11 U.S.C. sec. 522(f)(1)(B), is proposed in this plan. Any such motion(s) will be filed separately either before or after confirmation.

    ❒       A motion to avoid judicial liens under 11 U.S.C. sec. 522(f)(1)(A), or to or to avoid non-possessory, non-purchase money security interests under 11 U.S.C. sec. 522(f)(1)(B), is made herein and the allegations and details as required by the Code and Rules are asserted below.

10.      <u>**VESTING OF PROPERTY OF THE ESTATE:**</u>

Subject only to the liens provided for in this plan and upon confirmation of this plan, all property of the estate: **(Check One)**

                **X**       Shall vest in the debtors; OR
                ❒       Shall not vest in the debtors.

DATED this 15th day of September 2011

<div style="margin-left: 2em;">

s/ Randall L. Tetzner
Debtor

s/ Diane L. Tetzner
Debtor

s/ Michael B. McFarland
Attorney for the Debtors

</div>

United States Bankruptcy Court
District of Idaho

In re:                                                          Case No. 11-21205-TLM
Randall L Tetzner                                               Chapter 13
Diane L Tetzner
        Debtors

# CERTIFICATE OF NOTICE

District/off: 0976-2          User: krabbie          Page 1 of 2          Date Rcvd: Sep 16, 2011
                             Form ID: pdf008         Total Noticed: 29


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Sep 18, 2011.
db/jdb        Randall L Tetzner,   Diane L Tetzner,   1318 E Locust Ave,   Coeur D Alene, ID  83814-4737
3900001      +American Collections E,    205 S Whiting St Ste 500,   Alexandria, VA 22304-3632
3900003      +Bank Of America,    Attn: Bankruptcy Nc4-105-0299,   PO Box 26012,   Greensboro, NC 27420-6012
3900004      +Bank Of America,   PO Box 45144,   Jacksonville, FL 32232-5144
3900005      +Bradley J. Knell, Esq.,   Johnson Mark LLC,   3023  E. Copper Point Dr #102,
               Meridian, ID 83642-9290
3900007     ++CAPITAL ONE,   PO BOX 30285,   SALT LAKE CITY UT 84130-0285
              (address filed with court:  Capital One, N.a.,   PO Box 85520,   Richmond, VA 23285)
3900009      +CMI,   4200 International,   Carrollton, TX 75007-1930
3900006      +Capital One Bank, N.A.,   PO Box 30285,   Salt Lake City, UT 84130-0285
3900008      +Chapman Financial Services, Inc.,   P.O. Box 7100,   Coeur d'Alene, ID 83816-1940
3900010      +Coeur d' Alene School District,   311 N 10th,   Coeur d' Alene  ID 83814-4280
3900012      +Credit Management,   4200 International,   Carrollton, TX 75007-1912
3900011      +Credit Management,   4200 International Pwy,   Carrolton, TX 75007-1912
3900013     ++INTERNAL REVENUE SERVICE,   CENTRALIZED INSOLVENCY OPERATIONS,   PO BOX 7346,
               PHILADELPHIA PA 19101-7346
              (address filed with court:  Department of The Treasury,   Financial Management Srvices,
               Dept. of Education,   PO Box 1686,   Birmingham, AL 35201-1686)
3900014      +Idaho State Tax Commission,   Bankruptcy Unit,   P.O. Box 36,   Boise, ID 83756-0001
3900015      +Inspired Solutions, Inc.,   2727 S Mt. Vernon St.,   Suite 3,   Spokane, WA 99223-4849
3900016      +Internal Revenue Service,   Centralized Insolvency Operation,   P.O. Box 7346,
               Philadelphia, PA 19101-7346
3900017      +James Freeman III,   Attorney at Law/Swanson Midgley,   4600 Madison Ave, Suite 1100,
               Kansas City, MO 64112-3043
3900018      +Joe McCarron, M.A., L.M.F.T.,   2448 N Merrit Creek Loop,   Ste. 1A,
               Coeur d' Alene, ID 83814-6215
3900019      +John Ukich DDS,   1717 Lincoln Way Ste 205,   Coeur d' Alene  ID 83814-2597
3900020       Johnson Mark, LLC,   Attorneys at Law,   PO Box 7811,   Sandy, UT 84091-7811
3900021      +Kootenai Medical Center,   2003 Kootenai Health Way,   Coeur d'Alene, ID 83814-6051
3900022      +Moneytree,   223 W. Appleway,   Coeur d' Alene  ID 83814-9306
3900023       National Payment Center,   US Dept of Education,   PO Box 105028,   Atlanta GA 30348-5028
3900024      +North Idaho Credit,   315 E Locust Ave,   Coeur D Alene, ID 83814-3428
3900025       Northeast Regional Medical Center,   315 S. Osteopathy,   Kirksville, MO. 63501-6401
3900026      +Numerica Credit Union,   PO Box 4000,   Spokane Valley, WA 99037-4000
3900027      +Sandra Bremmer-Dexter, M.D.,   906 W 2nd.,   Suite 600,   Spokane, WA 99201-4539
3900028     ++WELLS FARGO BANK NA,   WELLS FARGO HOME MORTGAGE AMERICA S SERVICING CO,   ATTN BANKRUPTCY DEPT,
               MAC X7801-014,   3476 STATEVIEW BLVD,   FORT MILL SC 29715-7203
              (address filed with court:  Wells Fargo Hm Mortgag,   8480 Stagecoach Circle,
               Frederick, MD 21701)

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
3900002      +E-mail/Text: CommercialAccounts@avistacorp.com Sep 16 2011 20:24:11     Avista,
               1411 East Mission Avenue,   Spokane, WA 99252-0001
                                                                                     TOTAL: 1


            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

```
District/off: 0976-2          User: krabbie          Page 2 of 2              Date Rcvd: Sep 16, 2011
                              Form ID: pdf008         Total Noticed: 29

              ***** BYPASSED RECIPIENTS (continued) *****
```

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Sep 18, 2011                          Signature:   _____