Lance E. Olsen ISB #7106
Brian R. Langford, ISB #7747
ROUTH CRABTREE OLSEN
300 Main Street, #150
Boise, Idaho 83702
Telephone: (208) 489-3035
Facsimile:   (208) 854-3998
lolsen@rcolegal.com
blangford@rcolegal.com

Attorneys for Wells Fargo Bank, N.A.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF IDAHO

| | |
|---|---|
| In re | Case No. 11-21205-TLM |
| Randall L. Tetzner and<br>Diane L. Tetzner, | Chapter 13 |
| Debtors. | |

**STIPULATION**

Brian R. Langford, attorney for Creditor, Wells Fargo Bank, N.A. ("Creditor"), and Michael B. McFarland, attorney for Debtor, and the Chapter 13 Trustee, C Barry Zimmerman, hereby enter into the following Stipulation:

1.      On or about September 22, 2004, Debtor executed and delivered a Note and Deed of Trust in the original principal balance of $120,050.00, and in favor of Creditor's predecessor in interest.

2.      The indebtedness under the Note is secured by a Deed of Trust recorded against the real property located at 1318 E Locust Ave, Coeur d' Alene, ID  83814.  A true and correct copy of the Deed of Trust is attached to Creditor's Motion for Stay Relief and incorporated herein by reference.

3.      Creditor is the current holder of the Note or services the Note for the true holder in interest.

4.      Debtor filed for protection under Chapter 13 on September 15, 2011.

5.      At the time of Creditor's Motion, Debtor still owed the sum of $111,737.86.

STIPULATION – P. 1

6.      At the time of Creditor's Motion, Debtor was in default pursuant to the terms of the Note and Deed of Trust for failure to make payments as prescribed.  Payments are credited as last received to first due.  As of the filing of the Motion for Stay Relief, March 9, 2012, Debtor owed post-petition arrearages for January 1, 2012 and each month thereafter.  As of March 23, 2012, there is still due and owing the regular monthly payment for March 1, 2012 in the amount of $983.25, together with attorney fees and costs in the total amount of $626.00, late charges of $34.76 and less the unapplied suspense balance of $19.85, totaling $1,624.16.

7.      Debtor proposes to cure these arrearages as follows:

A.  Debtor will pay the fees in default, $1,624.16 with one (1) lump sum payment of $1,624.16.  This payment shall be due on or before April 15, 2012 and paid directly to Creditor at the following address: Wells Fargo Bank, N.A.  Attn: Bankruptcy Payment Processing, MAC# x2302-04c, 1 Home Campus, Des Moines, IA 50328.

B.  Debtor will continue the regular monthly payments when due beginning with the **April 2012** payment.

8.      Debtor shall remit to the Trustee the monthly payments provided for in the Debtor's Plan.  Debtor shall bring current all delinquent and outstanding payments owed to the Trustee, if any, within thirty (30) days of the date hereof.

9.      Any check tendered to the Creditor by Debtor which is returned due to non-sufficient funds in the account upon which it is drawn shall not constitute a payment required by the terms of the Order Regarding Stipulation.

10.     Debtor agrees to remain current in their Plan payments.

11.     In the event Creditor does not receive the required payments herein by 5:00 o'clock p.m. on the dates set forth above, or the Debtor does not make the payments required above, the Creditor shall send written notice to Debtor and Debtor's counsel and shall allow the Debtor fifteen (15) days for the

STIPULATION – P. 2

date of the written notice is mailed to cure the delinquent payment or payments.  Any such notice sent to the Debtor by Creditor's counsel shall be in lieu of and exempt from the validation or other notice requirements contained in 15 USC § 1692 (The Federal Fair Debt Collection Practices Act), or any other statutory or contractual notice requirements.  Cure payments must be made in the form of certified funds only and the Creditor shall charge Debtor $75.00 for any notice given pursuant to the Order Regarding Stipulation.  In the event Debtor fails to cure the delinquent payment or payments within the 15-day period, or in the event the Debtor becomes delinquent after three notices of default, the Creditor shall receive relief from the Automatic Stay of 11 U.S.C., Section 362 without further order, hearing, or notice from the Court, and said order shall be binding and of full force and effect in any conversion of this proceeding to any other chapter and such conversion shall not stay or enjoin the effect of said order, or prevent creditor from foreclosing and selling the property and recovering its costs, unless otherwise ordered by this Court.

AGREED and APPROVED as to form and substance this 23rd day of March, 2012.

ROUTH CRABTREE OLSEN.

By:       /s/
          Lance E. Olsen
          Brian R. Langford, Of Counsel
          Attorneys for Secured Creditor


          /s/
          Michael B. McFarland
          Attorney for Debtor


          /s/
          C. Barry Zimmerman
          Chapter 13 Trustee

STIPULATION – P. 3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 23rd day of March, 2012, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Michael McFarland
421 Coeur d'Alene Ave. Suite 1L
Coeur d'Alene, ID 83814

C. Barry Zimmerman
601 E. Sherman Ave
P.O. Box 1240
Coeur d'Alene, ID 83816

Office of the United States Trustee
Washington Group Central Plaza
720 Park Boulevard, Suite 220
Boise, ID 83712

AND I FURTHER CERTIFY that on such date I served the foregoing on the following non-CM/ECF registered participants by first class mail, postage prepaid, addressed to:

Randall Tetzner and
Diane Tetzner
1318 E. Locust Ave.
Coeur d'Alene, ID 83814

_____/s/_____
Brian R. Langford

STIPULATION – P. 4